UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BANK OF AMERICA, N.A.,

    Plaintiff,

v.                                                                  No. Civ. 10-0087 MV/GBW

ROBERT D. ROUNTREE,
LORENA T. RUIZ ROUNTREE,
BANK OF AMERICA, N.A.

    Defendants.

### MEMORANDUM OPINION AND ORDER REMANDING CASE

**THIS MATTER** comes before the Court on *pro se* Plaintiff Robert D. Rountree's Motion to Proceed *In Forma Pauperis*, filed February 2, 2010 [Doc. 4] and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* at 1312. Regarding the ability-to-pay prong of the analysis, IFP status should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court also has examined Rountree's Notice of Removal as required by 28 U.S.C. § 1446(c)(4).

**I.    ROUNTREE HAS NOT ESTABLISHED INDIGENCY.**

Rountree's financial affidavit indicates that he has a net income of $2600/month, two dependents, and a car that is not in his name for which payments of $463/month are owed. *See* Doc. 4 at 2. He pays $300/month for utilities. *See id.* at 3. He has an undisclosed amount of money in

the bank.  *See id.* at 2.  Although he lists $1800/month for mortgage, *see id.*, the foreclosure action is for the mortgage on this property and the Complaint states that Rountree has not made a mortgage payment since June of 2008 and he does not pay rent.  Doc. 2 at 2.  It therefore appears that Rountree can provide for the necessities of life and pay his filing fees.  His motion to proceed IFP will be denied.

**II.     THE CASE MUST BE REMANDED.**

In this case, Plaintiff Bank of America, N.A. ("BOA") seeks collection of a debt and foreclosure of security solely under state law.  *See* Doc. 2 at 1.  BOA filed its "Complaint for Foreclosure" against Rountree, Lorena T. Ruiz Rountree, and itself in the Third Judicial District, County of Dona Ana, State of New Mexico, on November 9, 2009.  Rountree, apparently without obtaining consent of the other Defendants, filed a *Notice of Removal and Federal Stay Pursuant to 28 U.S.C. § 1446(D)* on February 2, 2010.  Doc. 3.  The basis of his Notice is Rountree's defense that "the proceedings occurred in violation of the Uniform Commercial Code and 15 USC 1692, Rule 60 of the federal Rule of Civil Procedure, and the taking clause of the U.S. Constitution."  Doc. 3 at 1.  Although he attached the Complaint to the Notice of Removal, Rountree has not attached the summonses showing service of process or any other document that may have been filed in the state-court case.  *See* 28 U.S.C. § 1446(a).[1]

Under 28 U.S.C. § 1446(c)(4),

---

[1] 28 U.S.C. § 1446(a) provides:
"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

2

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Cases brought in state court may not be removed to federal court even if a federal defense is anticipated, and "even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). The federal court's original subject-matter jurisdiction must "affirmatively appear in the record," and "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting the assertion that" original subject-matter jurisdiction exists and removal is proper. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (italics in original) (internal quotation marks and bracket omitted. The defendant's notice of removal, along with any

attachments, must demonstrate the necessary jurisdictional facts to support federal jurisdiction. *See id.*

Here, Rountree improperly bases removal solely on his federal defenses and fails to show any facts that could have given this Court original jurisdiction over the Complaint. *See Caterpillar*, 482 U.S. at 1393; *Laughlin*, 50 F.3d at 873. An independent review of the Complaint shows that this Court does not have original jurisdiction over the foreclosure action. The state court may address Rountree's defenses. The Court, therefore, must remand the Complaint to state court for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** that Rountree's Motion to Proceed IFP [Doc. 4] is DENIED and the case is REMANDED to the Third Judicial District Court, Dona Ana County, New Mexico; and that the Clerk shall mail a certified copy of this order of remand to the clerk of the State court.

**DATED** this 4th day of May, 2010.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**